Filed 12/14/21  P. v. Aviles CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> YOLANDA IRENE AVILES, <br><br> Defendant and Appellant. | F079612 <br><br> (Super. Ct. No. F14900034) <br><br><br> **OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Denise Lee Whitehead, Judge.

Scott Concklin, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Daniel B. Bernstein and Tia M. Coronado, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P. J., Detjen, J. and Smith, J.

## INTRODUCTION

In 2015, a jury found petitioner Yolanda Irene Aviles guilty of the first degree murder of Jose Villa.[1]  (Pen. Code,[2] § 187, subd. (a).)  For this offense, she was sentenced to a term of 25 years to life.

In 2019, petitioner filed a petition seeking resentencing pursuant to section 1170.95.  The trial court denied the petition on the ground petitioner was not convicted under the natural and probable consequences doctrine but rather as a direct aider and abettor to the murder, a statutorily disqualifying factor pursuant to section 1170.95, subdivision (a)(3).

Petitioner contends the trial court erred in failing to appoint counsel to represent her on the petition.  She also contends she set forth a prima facie claim for relief and the record before the court was insufficient to conclude otherwise.  We agree the court erred in disposing of the petition without appointing counsel.  However, we conclude the error was not prejudicial because the record of conviction establishes petitioner is ineligible for resentencing as a matter of law.  Accordingly, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

The facts underlying petitioner's offenses may be summarized briefly as follows.[3]  In December 2013, petitioner was in a dating relationship with her eventual codefendant, Cosmen Alvarez.  At the same time, petitioner's daughter, A.R., was pregnant with the child of Jose Villa.  Villa and Alvarez were involved in a longstanding dispute over money Villa owed to Alvarez relating to the sale of marijuana.  The dispute also involved Villa's and Alvarez's mutual friend, J.E.  (*Aviles*, *supra*, F071781.)

---

[1]     Petitioner was convicted of additional offenses, as described below.

[2]     Undesignated statutory references are to the Penal Code.

[3]     We grant the People's request for judicial notice and take judicial notice of the record on appeal in *People v. Aviles* (F071781).  We summarize the facts as stated in our opinion in petitioner's direct appeal, *People v. Aviles* (Oct. 2, 2018, F071781) [nonpub. opn.] (*Aviles*).

2.

In December 2013, Villa and Alvarez had a series of hostile encounters. Eventually, on the morning of December 22, 2013, petitioner drove Alvarez to a hotel in Fresno where A.R. and Villa were staying. They saw J.E. in the rear of the hotel and Alvarez forced J.E. into their vehicle at gunpoint. As petitioner started to drive away, they spotted A.R. in Villa's truck in the front of the hotel. Petitioner yelled, " 'That's her. There she is, right there,' " or " 'There is that bitch right there.' " Petitioner reversed the car and Alvarez jumped out.[4] He ordered A.R. out of the truck at gunpoint and both Alvarez and petitioner ordered A.R. to get into the car petitioner was driving. A.R. refused. Villa came out of the hotel office and put his hands in the air. Alvarez advanced on Villa and shot him multiple times. A.R. held Villa's head and Alvarez told her to let him die. Alvarez pointed the gun at A.R. but there were no bullets, so he hit her on the top of the head with the gun, causing a wound that required eight staples to close. Petitioner was " 'egging it on the whole time.' " She screamed at A.R., " '[T]hat's what you get, bitch,' " and told A.R. that what was happening was A.R.'s fault. Alvarez eventually returned to the car and petitioner sped off. Petitioner and Alvarez were later apprehended in Los Angeles. (*Aviles*, *supra*, F071781.)

On March 3, 2014, the Fresno County District Attorney filed an information charging petitioner with the murder of Villa (§ 187, subd. (a); count 1), with the allegation that a principal was armed with a firearm (§ 12022, subd. (a)(1)); kidnapping of J.E. (§ 207, subd. (a); count 2), with the allegation that a principal was armed with a firearm (§ 12022, subd. (a)(1)); and assault of A.R. with a firearm (§ 245, subd. (a)(2); count 3).[5]

---

[4]     At some point thereafter, J.E. exited the vehicle and fled. (*Aviles*, *supra*, F071781.)

[5]     Alvarez was charged in the same information and with the same offenses, although different firearm enhancements were alleged as to him.

On May 8, 2015, a jury found petitioner guilty on all counts and found all firearm enhancements to be true. The jury set the degree of murder at murder in the first degree. On June 16, 2015, the trial court sentenced petitioner on count 1 to a term of 25 years to life, plus an additional year for the firearm enhancement. On count 2, the court sentenced petitioner to a consecutive term of eight years, plus an additional year for the firearm enhancement. On count 3, the court sentenced petitioner to a consecutive term of one year.

Petitioner appealed, raising two issues with some relevance to the instant petition. First, petitioner argued the evidence was insufficient to support her conviction for aiding and abetting first degree premeditated murder. We noted that petitioner was tried as a direct aider and abettor, which required the jury to find petitioner knew Alvarez intended to murder Villa, and petitioner intended, with premeditation and deliberation, to assist in that murder. We concluded the evidence was sufficient to support such a finding. Second, petitioner argued the court's instruction on the natural and probable consequences doctrine – which instructed the jury it could find petitioner guilty of second degree murder as a natural and probable consequence of aiding and abetting kidnapping – contained errors that rendered a second degree murder verdict unavailable to her. We agreed the instruction, as given, was erroneous, but concluded petitioner was not prejudiced, as there was no reasonable probability the jury would have returned a different verdict absent the errors. Accordingly, we affirmed.[6] (*Aviles*, *supra*, F071781.)

On May 13, 2019, petitioner, in propria persona, filed a petition for resentencing pursuant to section 1170.95. In the form petition, petitioner stated that a complaint, information, or indictment was filed against her that allowed her to be prosecuted under a theory of felony murder or murder under the natural and probable consequences doctrine;

---

[6]     We also ordered technical amendments to the abstract of judgment that are not relevant to the instant appeal. (*Aviles*, *supra*, F071781.)

she was convicted of first or second degree murder at trial; and she could not now be convicted of first or second degree murder because of changes made to sections 188 and 189, effective January 1, 2019.

On May 6, 2019, the People filed a motion to dismiss the petition on the ground section 1170.95 is unconstitutional.[7] On the same date, the People filed a response to the petition on the merits, arguing petitioner was ineligible for relief because she was convicted under direct aiding and abetting principles, having aided and abetted in the murder with intent to kill.

On June 28, 2019, the trial court issued a written order in which it determined petitioner was not convicted under the natural and probable consequences doctrine, but rather aided and abetted in the murder with intent to kill. The court therefore held petitioner failed to make a prima facie showing of eligibility for resentencing. On that basis, the petition was denied with prejudice.

This timely appeal followed.

## DISCUSSION

### I.    Senate Bill No. 1437 (2017-2018 Reg. Sess.) and Section 1170.95

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill accomplished this task by adding three separate provisions to the Penal Code. (*People v. Gentile* (2020) 10 Cal.5th 830, 842

---

[7]    The petition was dated May 9, 2019, and was postmarked May 10, 2019. It was sent by petitioner to the court, as well as to the offices of the District Attorney and Public Defender. It is unclear how or why the district attorney's office responded to the petition before it was signed, mailed, or filed.

(*Gentile*).)  First, to amend the natural and probable consequences doctrine, the bill added section 188, subdivision (a)(3), which requires a principal to act with malice aforethought before he or she may be convicted of murder.  (§ 188, subd. (a)(3); accord, *Gentile*, at pp. 842-843.)  Second, to amend the felony-murder rule, the bill added section 189, subdivision (e):

> "A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven:  [¶]  (1) The person was the actual killer.  [¶]  (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶]  (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."[8]  (§ 189, subd. (e); accord, *Gentile*, at p. 842.)

Finally, the bill "added section 1170.95 to provide a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief under the two ameliorative provisions above."[9]  (*Gentile*, at p. 843.)

"Section 1170.95 lays out a process for a person convicted of felony murder or murder under a natural and probable consequences theory to seek vacatur of his or her conviction and resentencing."  (*Gentile*, *supra*, 10 Cal.5th at p. 853.)  First, "an offender must file a petition in the sentencing court averring that:  '(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences

---

[8]     Additionally, section 189 was amended to allow for felony-murder liability where the victim is a peace officer.  (§ 189, subd. (f); accord, *People v. Daniel* (2020) 57 Cal.App.5th 666, 672.)

[9]     The Legislature recently passed, and the Governor signed, a bill amending section 1170.95.  (Sen. Bill No. 775 (2021-2022 Reg. Sess.).)  The amendments are not yet effective (Cal. Const., art. IV, § 8, subd. (c)(1)) and, in any event, would not alter our analysis of the issues raised in this petition.  Except as otherwise noted, we quote from the version of section 1170.95 presently in effect.

6.

doctrine[;] [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;] [¶] [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.' (§ 1170.95, subd[]. (a)(1)-(3); see also § 1170.95, subd. (b)(1)(A).) Additionally, the petition shall state '[w]hether the petitioner requests the appointment of counsel.' (§ 1170.95, subd. (b)(1)(C).) If a petition fails to comply with subdivision (b)(1), 'the court may deny the petition without prejudice to the filing of another petition.' (§ 1170.95, subd. (b)(2).)" (*People v. Lewis* (2021) 11 Cal.5th 952, 959-960 (*Lewis*).)

Where the petition complies with the requirements of section 1170.95, subdivision (b)(1), counsel must be appointed, if requested. The prosecutor must file a response and the petitioner may file a reply. The trial court must then review the petition to determine if the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1170.95, subd. (c); *Lewis*, *supra*, 11 Cal.5th at pp. 961-963, 967.) In making this determination, the court may rely on the record of conviction. (*Lewis*, at pp. 970-971.) However, the prima facie inquiry is limited and, at this stage of the proceedings, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at pp. 971-972.)

If the court determines the petitioner has met his or her prima facie burden, "the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder conviction and to resentence the petitioner on any remaining counts. (§ 1170.95, subds. (c), (d)(1).) At the hearing, the prosecution must 'prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.' (§ 1170.95, subd. (d)(3).) 'The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens.' (*Ibid.*)" (*Gentile*, *supra*, 10 Cal.5th at p. 853.)

7.

To demonstrate prejudice from the denial of a section 1170.95 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing.  (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974; see *People v. Watson* (1956) 46 Cal.2d 818, 836.)

## II.  Petitioner was not Prejudiced by the Trial Court's Errors

Petitioner contends the trial court erred in failing to appoint counsel to represent her on the petition.  She also contends the petition set forth a prima facie claim for relief, and the court's ruling to the contrary was not supported by the record.[10]  We conclude the trial court erred in disposing of the petition without following the procedures required by section 1170.95, subdivision (c), including the appointment of counsel.  However, as we explain, petitioner was not prejudiced by these errors because the record of conviction establishes she is ineligible for resentencing as a matter of law.

### A.  The Trial Court Erred in Failing to Appoint Counsel

Until recently, some courts held that section 1170.95, subdivision (c) requires a petitioner to make two distinct prima facie showings, and a petitioner is not entitled to appointed counsel until the first of such showings is satisfied.  (See *Lewis*, *supra*, 11

---

[10]  Petitioner also argues Senate Bill No. 1437 (2017-2018 Reg. Sess.) is constitutionally sound.  The People do not argue otherwise.  Courts of Appeal, including this one, have unanimously upheld the constitutionality of Senate Bill No. 1437 against a variety of challenges.  (*People v. Nash* (2020) 52 Cal.App.5th 1041, 1053; see *People v. Wilkins* (2021) 68 Cal.App.5th 153, 157, 163-166; *People v. Marquez* (2020) 56 Cal.App.5th 40, 44, 47-51; *People v. Lombardo* (2020) 54 Cal.App.5th 553, 555, 559-565; *People v. Superior Court (Ferraro)* (2020) 51 Cal.App.5th 896, 902; *People v. Lopez* (2020) 51 Cal.App.5th 589, 594; *People v. Alaybue* (2020) 51 Cal.App.5th 207, 211; *People v. Johns* (2020) 50 Cal.App.5th 46, 54-55; *People v. Prado* (2020) 49 Cal.App.5th 480, 492; *People v. Smith* (2020) 49 Cal.App.5th 85, 91-92, review granted July 22, 2020, S262835; *People v. Bucio* (2020) 48 Cal.App.5th 300, 306; *People v. Solis* (2020) 46 Cal.App.5th 762, 784; *People v. Cruz* (2020) 46 Cal.App.5th 740, 747; *People v. Superior Court (Gooden)* (2019) 42 Cal.App.5th 270, 275, 289; *People v. Lamoureux* (2019) 42 Cal.App.5th 241, 246.)

8.

Cal.5th at pp. 961-963.) Our Supreme Court recently rejected this approach and held that section 1170.95, subdivision (c) describes "only a single prima facie showing." (*Lewis*, at p. 962.) Accordingly, the sequential procedure under section 1170.95, subdivision (c) is as follows: "a complying petition is filed; the court appoints counsel, if requested; the issue is briefed; and then the court makes one (not two) prima facie determination." (*Lewis*, at p. 966, fn. omitted.)

This procedure was not followed in the instant case. Appointment of counsel and an opportunity for counsel to file responsive briefing were both required by section 1170.95, subdivision (c). (See *Lewis*, *supra*, 11 Cal.5th at pp. 961-963, 967.) The court erred in disposing of the petition without complying with these procedures.[11] We may affirm only if petitioner was not prejudiced by the error. To demonstrate prejudice, petitioner must show that, absent the error, it is reasonably probable her petition would not have been denied without an evidentiary hearing. (*Lewis*, at pp. 972-974.) As we explain, we conclude petitioner cannot demonstrate prejudice because the record establishes she is ineligible for resentencing as a matter of law.

### B.     Petitioner is Ineligible for Resentencing as a Matter of Law

To be eligible for relief pursuant to section 1170.95, petitioner must have been convicted of felony murder or murder under a natural and probable consequences theory. (§ 1170.95, subd. (a); accord, *Gentile*, *supra*, 10 Cal.5th at p. 853.) However, the record of conviction reflects petitioner was not convicted under either theory. As we explained in petitioner's direct appeal, the jury was instructed on the natural and probable consequences doctrine as it relates to second degree murder. However, the jury did not

---

[11]     Because we conclude the trial court erred in this regard, we do not consider petitioner's separate argument that the record before the court was insufficient to support the court's holding. We nonetheless may, and do, consider the record of conviction, including the record in petitioner's direct appeal, to determine whether the error was harmless. (*Lewis*, *supra*, 11 Cal.5th at pp. 970-972; see *People v. Simmons* (2021) 65 Cal.App.5th 739, 747, review granted Sept. 1, 2021, S270048.)

convict petitioner of second degree murder. Rather, as we also explained in petitioner's direct appeal, she was convicted of first degree murder as a direct aider and abettor. In finding petitioner guilty of first degree murder, the jury necessarily found that petitioner shared in Alvarez's murderous intent. (*Aviles*, *supra*, F071781.) The jury was presented with no theory by which it could convict petitioner of first degree murder under either the felony-murder rule or the natural and probable consequences doctrine. There is therefore no possibility the jury found petitioner guilty under either theory.

Because petitioner was not convicted of felony murder or murder under a natural and probable consequences theory, she is ineligible for resentencing as a matter of law. We therefore conclude there is no reasonable probability petitioner would have been afforded an evidentiary hearing had she been represented by counsel, and the court's error in failing to follow the procedures set out in section 1170.95, subdivision (c) was harmless.[12] (*Lewis*, *supra*, 11 Cal.5th at pp. 973-974.)

## **DISPOSITION**

The order is affirmed.

---

[12]    Petitioner also argues the petition was improperly dismissed *with prejudice* without appointing her counsel and allowing her a full opportunity to establish her entitlement to relief. As an initial matter, we note the petition was not dismissed, but rather denied. Furthermore, as we have explained, petitioner is ineligible for relief as a matter of law, and the court's error in failing to appoint counsel did not prejudice her ability to establish a prima facie claim for relief.